**Opinion issued May 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-13-00153-CR**

_____

**JEFFERY ARTHUR SYDENSTRICKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1368598**

---

**MEMORANDUM OPINION**

Appellant was charged by indictment with assault, dating violence, second

offender.[1]  Appellant pleaded not guilty.  The jury found him guilty, and the trial

court assessed punishment at confinement for 25 years.  The judgment also

---

[1]    *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (Vernon Supp. 2013); TEX.
        FAM. CODE ANN. § 71.0021(b) (Vernon 2014).

identified $424 in court costs. In three issues on appeal, Appellant argues (1) the evidence is insufficient to establish he had committed a prior offense of assault, dating violence, (2) the State violated his due process rights by instructing a witness not to speak with Appellant's investigator, and (3) the court costs should be deleted because there is insufficient evidence to support the costs.

We affirm.

## Background

By December 24, 2011, Appellant and M. Rose had dated, off and on, for about 10 years. On the night of the 24th, Rose was at home with her daughter and Appellant. They had started to watch a movie when Appellant got up to use the restroom. Rose noticed he had been gone a while and went to check on him. She found him at a desk in the bedroom, rolling a marijuana cigarette. She swept the marijuana off the table and onto the floor.

Appellant became very upset, grabbed Rose by the neck, and pushed her against the wall. Appellant threatened to kill her. Rose struggled to get free, and Appellant slapped her across her face. Rose escaped and called 911. Appellant fled the premises. Rose pressed charges, and appellant was ultimately arrested.

Rose testified at trial. During her cross-examination, the following exchange occurred:

Q. Okay. Now, did you have occasion to talk to an investigator by the name of Travis Johnson?

2

A. Is this -- may I ask the DA if that's the investigator that --

Q. No. This was a private investigator. This was an investigator I sent to your home to talk to you?

A. An investigator sent to my home?

Q. Yes. To talk to you.

A. There was only [one] investigator[] that called me and said that it was for the defense for Jeff.

Q. Okay. So he talked to you, told you he was representing Jeff?

A. Yes.

Q. And you refused to talk to him, didn't you?

A. Absolutely.

Q. I am sorry?

A. Absolutely.

Q. Absolutely. Okay.

A. And then I called the DA immediately afterwards to let her know that someone had called me.

Q. Were you told not to speak to any private investigators from the defense?

A. She advised me not to speak to anyone.

Later, the State presented, and the trial court admitted, State's Exhibits 6A and 7. State's Exhibit 7 was a judgment for a case with the cause number 1067050. The judgment reflects that Appellant was convicted of assault and that the offense constitutes family violence. The sentence was suspended, and

3

appellant was placed on community supervision for one year. The judgment reflects that the date of the offense was July 7, 2001. The judgment was signed on August 10, 2001.

State's Exhibit 6A was a jail card for Appellant from a case with the cause number 1067050. The jail card had a finger print from the time of commitment and a finger print from the time of release. The jail card indicates that Appellant was incarcerated on November 8, 2001 and released on March 11, 2002. There is a handwritten line on the jail card indicating that the arrest offense was "assault, family member MRP." The handwritten date next to it is January 12, 2001.

Deputy L. Hailey testified at trial. She is an expert at fingerprint comparisons. She obtained fingerprint samples from Appellant during the underlying trial. She compared those fingerprints to the fingerprint on the jail card and identified them as matching.

Rose testified that she and Appellant began dating in 2001. Rose's mother testified that, on August 10, 2001, Appellant was convicted for assaulting Rose. She testified that the assault occurred while Rose and Appellant were dating.

Following appellant's sentencing, the trial court signed the judgment. The judgment indicates that $424 in court costs applied. Appellant filed a notice of appeal and a bill of court costs was included in the record.

**Sufficiency of the Evidence**

In his first issue, Appellant argues the evidence is insufficient to establish he had committed a prior offense of assault, dating violence.

**A.     Standard of Review**

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)).   This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).   Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a

reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2788–89 & n.11; *see also Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell* v. *State,* 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

As it applies to Appellant, a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2013).

Generally, an assault of this kind is a Class A misdemeanor. *Id.* § 22.01(b). The offense becomes a third degree felony, however, if the assault is committed against a person whose relationship to the defendant is described in section 71.0021(b) of the Texas Family Code and it is established at trial that the defendant had been previously convicted of assault against a person whose relationship to the defendant is described in section 71.0021(b) of the Texas Family Code. *Id.* § 2.01(b)(2)(A). Section 71.0021(b) describes "dating relationship" as "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. . . ." TEX. FAM. CODE ANN. § 71.0021(b) (Vernon 2014).

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). There is no specific set of evidence that must be presented to meet this burden. *Id.* Some common ways of meeting this burden

> includ[e] (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted.

*Id.* at 921–22.

For the third option, documentary proof can be established by use of "certified or otherwise properly authenticated copies of the judgment and sentence and records of the Institutional Division of the Texas Department of Criminal Justice or a county jail that include fingerprints of the accused, supported by expert testimony identifying the fingerprints of the accused with known prints of the defendant." *Garner v. State*, 864 S.W.2d 92, 97 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).

At the trial below, the State presented, and the trial court admitted, State's Exhibits 6A and 7. State's Exhibit 7 was a judgment for a case with the cause number 1067050. The judgment reflects that Appellant was convicted of assault and that the offense constitutes family violence. The sentence was suspended, and Appellant was placed on community supervision for one year. The judgment reflects that the date of the offense was July 7, 2001. The judgment was signed on August 10, 2001.

State's Exhibit 6A was a jail card for Appellant for a case with the cause number 1067050. The jail card had a finger print from the time of commitment and a finger print from the time of release. The jail card indicates that Appellant was incarcerated on November 8, 2001 and released on March 11, 2002. There is a handwritten line on the jail card indicating that the arrest offense was "assault, family member MRP." The handwritten date next to it is January 12, 2001.

8

Deputy L. Hailey testified at trial. She is an expert at fingerprint comparisons. She obtained fingerprint samples from Appellant during the underlying trial. She compared those fingerprints to the fingerprint on the jail card and identified them as matching.

Rose testified that she and Appellant began dating in 2001. Rose's mother testified that, on August 10, 2001, Appellant was convicted for assaulting Rose. She testified that the assault occurred while Rose and Appellant were dating.

The evidence shows, then, that Appellant was convicted for assaulting Rose in 2001 while the two of them were in a dating relationship. The evidence also shows that Appellant and Rose were in a dating relationship when he assaulted her in the underlying offense. Together, this is sufficient evidence for the jury to have found appellant guilty of third-degree felony assault.

Appellant argues that the jail card for the earlier offense indicates that he was incarcerated on January 12, 2001, six months before he was charged with assault. Appellant claims that this "factual impossibility" renders the proof of the earlier offense legally insufficient. We disagree with Appellant's characterization of the evidence.

The jail card for the earlier offense plainly indicates that Appellant was incarcerated on November 8, 2001 and released on March 11, 2002. There is a handwritten line on the jail card indicating that the arrest offense was "assault,

9

family member MRP." The handwritten date next to it is January 12, 2001. It is not clear from the record what event this date was meant to reflect. Regardless of what it was meant to reflect, we conclude that it is of no consequence. The other dates on the jail card do not conflict with the dates reflected in the judgment, and there is nothing missing from the jail card that the case law indicates is necessary for evidentiary sufficiency purposes. *See Garner*, 864 S.W.2d at 97; *Flowers*, 220 S.W.3d at 921 (holding there is no specific set of evidence that must be presented to establish prior conviction).

We overrule Appellant's first issue.

## Communication with Witness

In his second issue, Appellant argues the State violated his Due Process rights by instructing a witness not to speak with Appellant's investigator. Appellant acknowledges that he did not raise any objection or file any motion concerning the witness's refusal to talk to his investigator during the pretrial investigation. Appellant asserts, however, that the error is fundamental and, accordingly, can be raised for the first time on appeal.

Generally, in order to raise a complaint on appeal, the complaint must have first been presented to and ruled on by the trial court. TEX. R. APP. P. 33.1(a). Failure to raise the objection to the trial court results in waiver. *Id.*; *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Most rights,

including constitutional rights, can be waived by failure to object. *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). The Court of Criminal Appeals has recognized "two relatively small categories of errors" can be raised for the first time on appeal: (1) violations of rights which can be waived only by affirmative action of the defendant and (2) "denials of absolute systemic requirements." *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (internal quotations omitted).

Examples of rights that can only be affirmatively waived by the defendant include the right to assistance of counsel and the right to a trial by jury. *Id.* "Absolute, systemic requirements were said to include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's being in compliance with the Separation of Powers Section of the state constitution." *Id.*

A defendant in a criminal case has no general right to pretrial discovery of evidence in the State's possession. *See Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 846 (1977); *Pena v. State*, 353 S.W.3d 797, 809 n.10 (Tex. Crim. App. 2011). The United States Supreme Court has recognized, however, a federal constitutional right to certain minimal discovery. *See Brady v. Maryland*, 373 U.S. 83, 86, 83 S. Ct. 1194, 1196 (1963). That right is violated only if (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to the accused; and (3) the evidence is material,

that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the proceeding would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).

We note that, according to Rose's testimony, she made her own choice not to talk to Appellant's investigator. She then talked to the district attorney's office and was advised "not to speak to anyone." Even assuming Rose's statements constituted evidence in the State's possession, Appellant has made no showing that she would have made a statement to the investigator favorable to Appellant or that, with such evidence, there is a reasonable probability that the outcome of the proceeding would be different. Accordingly, even if we construed Appellant's complaint on appeal as a claim of a *Brady* violation, Appellant has failed to establish its elements. *See id.*

Outside of Appellant's *Brady* rights, a defendant in a criminal case has no general right to pretrial discovery of evidence in the State's possession. *See Weatherford*, 429 U.S. at 559, 97 S. Ct. at 846; *Pena*, 353 S.W.3d at 809 n.10. Because Appellant does not have a general right to pretrial discovery from the State, Appellant's complaint cannot constitute a right that can only be waived by affirmative action from him. *See Saldano*, 70 S.W.3d at 888. For the same reason, Appellant cannot complain of a violation of an absolute, systemic requirement. *See id.*

Appellant relies on Rule 3.04 of the Texas Disciplinary Rules of Professional Conduct to assert that the State committed a fundamental error. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon 2013) (Tex. State Bar R. art. X, § 9). The Texas Disciplinary Rules of Professional Conduct "are not designed to be standards for procedural decisions. Further, the purpose of these rules can be abused when they are invoked by opposing parties as procedural weapons." Tex. Disciplinary Rules of Prof'l Conduct preamble ¶ 15, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon 2013) (Tex. State Bar R. art. X, § 9). We find no basis, then, to use the rules to create a fundamental right for the opposing party.

Finally, Appellant argues that the State's actions inhibited his attorney's duty to make a reasonable investigation, relying on *Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S. Ct. 2052, 2066 (1984). To whatever degree Appellant's counsel felt his duty to conduct a reasonable investigation was inhibited, it was his obligation to bring the complaint to the attention of the trial court and to obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to do so, we cannot consider this argument for the first time on appeal.

We overrule Appellant's second issue.

**Court Costs**

In his third issue, Appellant argues the court costs should be deleted because there is insufficient evidence to support the costs. The Texas Code of Criminal Procedure requires that a judgment order the defendant to pay court costs. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 42.15 (Vernon Supp. 2013), art. 42.16 Vernon 2006)). "Court costs listed in a certified bill of costs need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Id.* Reviewing the basis for assessed court costs is different from a claim of insufficient evidence of guilt. *Id.* Instead, "we review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.* at 390.

Appellant's only argument on appeal is that the bill of costs, which was not prepared before the trial court rendered judgment, cannot be a basis for reviewing the sufficiency of the evidence to support the court costs. Because the Court of Criminal Appeals has held that we do not review the bill of costs for sufficiency of the evidence, and because Appellant has not identified any specific flaws in the determining of the costs, we hold Appellant has not presented us with an issue for review.

We overrule Appellant's third issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).